UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO DOUGHTY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-70-PPS-AZ |
| JORDAN L. GREGORY, et al., | |
| Defendants. | |

OPINION AND ORDER

Antonio Doughty, a prisoner without a lawyer, filed a somewhat vague complaint. [ECF 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Doughty indicates that a warrant was issued against him due to pending felony charges, and he turned himself in at the Allen County Jail on January 4, 2025. Upon intake, he notified an officer that he needed a diet free of beans, oats, and lactose due to his "diagnosed and documented medical complication." [ECF 1 at 2.] His dietary needs were not logged by the officer. Two days later, on January 6, 2025, he informed L.P.N. Bradley Osborn of his "diagnosed and documented medical complication" requiring a

diet free of beans, oats, and lactose. His restrictions were allegedly logged and confirmed by reviewing medical records. However, his specialized diet was denied by R.N. Jordon L. Gregory, N.P. Chantel M. Spohr, and N.P. Kelley L. Carroll.

At lunch that day, Doughty explained his dietary needs to the officer on duty. The officer told him he needed approval from nursing. For the next 16-21 days, he did not receive a diet free of beans, oats, and lactose. Doughty alleges that, due to the initial refusal to accommodate his dietary needs, he suffered unnecessary stress and was forced to purchase overpriced and high sodium items from commissary to meet his medical needs. He further alleges that he suffered "additional medical complications" due to consuming the high-sodium foods from commissary needed to supplement the food he was provided. [ECF 1 at 4.] He is suing R.N. Jordon L. Gregory, N.P. Chantel M. Spohr, N.P. Kelley L. Carroll, L.P.N. Bradley Osborn, R.N. Lindsey Flohr, L.P.N. Erin McPhearson, and M.T.P. Michael Sturges for deliberate indifference to his medical needs.

Because it appears that Doughty was a pre-trial detainee at the time these events occurred, his claims will be analyzed under the Fourteenth Amendment.[1] *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017)

---

[1] I note that Doughty checked a box on the court's pro se prisoner complaint form indicating that these events occurred after he was convicted while confined serving the sentence. I've nonetheless applied the Fourteenth Amendment because Doughty alleges that he turned himself in to face pending felony charges.

2

(citation omitted). Among other things, detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Detainees also cannot be denied necessary medical care. *Miranda*, 900 F.3d at 350-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Here, Doughty indicates only that he has "documented medical complications" that require him to avoid consuming beans, oats, and lactose. [ECF 1 at 2.] Doughty does not indicate what medical condition he suffers from that requires him to avoid beans, oats, and lactose. He does not indicate what symptoms he experiences if he consumes beans, oats, or lactose. He does not indicate who determined he should not eat beans, oats, or lactose, or why they recommended he avoid them. And, he does not indicate what additional medical complications he suffered from consuming high sodium food purchased from commissary when he was unable to obtain a diet free of beans, oats, and lactose.

3

He indicates that R.N. Jordon L. Gregory, N.P. Chantel M. Spohr, and N.P. Kelley L. Carroll were each responsible for denying him a diet free from beans, oats, and lactose, but he does not describe his communications with these individuals. He names L.P.N. Bradley Osborn as a defendant, but he alleges only that L.P.N. Bradley Osborn logged his need for a diet free from beans, oats, and lactose. He does not allege that Osborn took any action to prevent Doughty from receiving the diet he requested. He names R.N. Lindsey Flohr, L.P.N. Erin McPhearson, and M.T.P. Michael Sturges as defendants, but he does not describe the conduct that he believes makes them liable to him at all. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Dougherty will need to provide additional details regarding the alleged wrongful conduct of each defendant for me to determine if he may proceed against them, as he has not included facts that would allow a plausible inference that they are responsible for denying him a diet that was medically necessary.

Finally, Doughty has sued Quality Correctional Care ("QCC"), the private company that provided health care services to Allen County Jail inmates. A private company may be held liable for constitutional violations when it performs a State function. *West v. Atkins*, 487 U.S. 42 (1988). A private company providing medical care in a prison performs a State function and can be held liable under the standard established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private

4

company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citation omitted). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* (citation omitted). Doughty has not identified any policy that led to a violation of his constitutional rights, and he therefore cannot proceed against QCC.

    The complaint is short on facts, dates, and specifics about Doughty's medical needs for a diet free from beans, oats, and lactose, and his interactions with the defendants concerning those needs. Based on what it does say, I cannot plausibly infer that any defendant violated his right to constitutionally adequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an

imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Doughty's complaint does not state a claim for which relief can be granted. If Doughty believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Antonio Doughty until **April 15, 2025**, to file an amended complaint; and

(2) CAUTIONS Antonio Doughty that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 13, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT