UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO DOUGHTY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-70-PPS-AZ |
| JORDAN L. GREGORY, et al., | |
| Defendants. | |

OPINION AND ORDER

Antonio Doughty, a prisoner without a lawyer, filed an amended complaint. [ECF 13.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Doughty indicates that he turned himself in to the Allen County Jail on January 4, 2025, after warrants were issued for his arrest. [ECF 13 at 4.] Upon intake, he notified an officer that he needed a diet free of beans, oats, and lactose due to his "medically documented" food allergy. [*Id*.] His dietary needs were not logged by the officer.

Two days later, on January 6, 2025, he informed L.P.N. Bradley Osborn of his "allergy and medically documented history of complications" requiring a diet free of

beans, oats, and lactose. [*Id.*] In the amended complaint, Doughty alleges that, if he eats beans, oats, or lactose, he suffers from constipation, severe abdominal pain, increased blood pressure, anxiety, and stress. [*Id.*] His restrictions were allegedly logged and confirmed by reviewing medical records from his gastric specialist.[1] However, his specialized diet was denied by R.N. Jordon L. Gregory. [*Id.* at 5.] He also asserts that Nurse Gregory denied him blood pressure medication until his third day at the jail, when his blood pressure reached 213/153. [*Id.*]

Doughty had his wife provide additional documentation that he says confirmed his high blood pressure, anxiety and food allergies. He asserts that these records show that his high blood pressure and anxiety had been treated with Hydoxyzine. [*Id.*] Nurse Gregory allegedly disregarded these documents. [*Id.*] Doughty has attached the documentation to the complaint, and it includes a letter from Dr. Wilkins stating that "[i]t has been reported to us that patient has allergies to wool, beans/legumes, oats, and lactose." [ECF 13-2 at 8.] There is also documentation that Hydroxyzine was prescribed in February 2024. [*Id.* at 11-12.] In response to a request filed by Doughty, the jail was unable to verify this prescription with the pharmacy Doughty identified. [*Id.* at 20.]

Nurse Gregory explained that, per the direction of N.P. Chantel M. Spohr and N.P. Kelley L. Carroll, Doughty would need to take a blood test to confirm his food allergy, and Doughty would need to see the mental health provider regarding his

---

[1] Doughty points to a document from 2020 that includes the following: "Patient requesting high fiver diet due to constipation and reports being seen by gastro MD who recommended." [ECF 13-2 at 1.] Dr. Galperin approved a high fiber diet for him based on his report. [*Id.*]

2

medication for anxiety. [DE 13 at 5.] Doughty says that the pressure of being required to take a blood test to prove his allergy and meet with a mental health worker for what he views as a physical problem has caused him emotional distress, mental anguish, and financial strain. [*Id*. at 6] Because he is not receiving the diet he needs free of charge, he has been purchasing items from commissary that accommodate his needs. [*Id*.] Doughty indicates that N.P. Spohr or N.P. Carroll made the ultimate decisions regarding his care.

Doughty argues that he "should not have to subject [himself] to further pain, stress, and humiliation in order to reestablish [his] preexisting condition and food allergy that has been well documented and confirmed by Qualit[y] Correctional Care and its staff on multiple occasions." [*Id*.] He is suing R.N. Jordon L. Gregory, N.P. Chantel M. Spohr, N.P. Kelley L. Carroll, L.P.N. Bradley Osborn, L.P.N. Lindsey Flohr, L.P.N. Erin McPhearson, M.T.P. Michael Sturges, LP.N. Shawna K. West, L.P.N. Erika Coon, and Erin Mental Health for providing him with Constitutionally inadequate medical care. He is also suing Quality Correctional Care.

Because it appears that Doughty was a pre-trial detainee at the time these events occurred, his claims will be analyzed under the Fourteenth Amendment.[2] *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Among other things, detainees are held in conditions that amount to

---

[2] Doughty did not complete the portion of the complaint form that asks when the event happened. [ECF 13 at 7, question 5.]

3

punishment when they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Detainees also cannot be denied necessary medical care. *Miranda*, 900 F.3d at 353-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted).

      Here, Doughty indicates only that he suffers from constipation, abdominal pain, high blood pressure, stress, and anxiety when he consumes beans, oats, or lactose, and that these problems are documented in his medical history. Jail medical providers wanted to confirm the need for the specialized diet with a blood test, and they wanted to confirm Doughty has an ongoing need for medication for anxiety by having him consult with a mental health professional. This is neither unreasonable nor designed to punish.

      The amended complaint indicates that the decisions to withhold a specialized diet and medication for anxiety were made by N.P. Chantel M. Spohr and N.P. Kelley L. Carroll. [ECF 13 at 6.] "[P]ublic employees are responsible for their own misdeeds but

4

not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). I explained this to Doughty when screening his earlier complaint. [ECF 10 at 4.] Therefore, even if his rights were violated, Dougherty could not proceed against every medical professional he interacted with – only those that made the decision to deny the care he seeks.

Finally, Doughty has sued Quality Correctional Care ("QCC"), the private company that provided health care services to Allen County Jail inmates. A private company may be held liable for constitutional violations when it performs a State function. *West v. Atkins*, 487 U.S. 42 (1988). A private company providing medical care in a prison performs a State function and can be held liable under the standard established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citation omitted). Corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* (citation omitted). I also explained this to Doughty when screening his earlier complaint. [ECF 10 at 4-5.] Doughty has not identified any policy *that led to a violation of his constitutional rights*, and he therefore cannot proceed against QCC.

Doughty has also filed a motion seeking a preliminary injunction. [ECF 14.] This motion is unsigned. Federal Rule of Civil Procedure 11(a) requires that all filings be

5

signed. Here, even if the motion had been signed, it would be denied because the amended complaint does not state a claim. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted, emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the absence of a complaint that states a claim, I can't find that a plaintiff has demonstrated a reasonable likelihood of success on the merits. Because the amended complaint does not state a claim for which relief can be granted, no preliminary injunction can be granted.

I have already granted Doughty one opportunity to amend his complaint. His amended complaint did not adequately address the concerns raised by the Court. Doughty describes reasonable requirements to verify he needs the diet and medication he claims he needs, and an unwillingness to cooperate with those requirements. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, allowing Doughty to amend again would be futile.

For these reasons, the court:

(1) DENIES Antonio Doughty's Unsigned Motion for Preliminary Injunction [ECF 14]; and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on April 30, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT