UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO DOUGHTY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-70-PPS-AZ |
| JORDAN L. GREGORY, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Antonio Doughty, a prisoner without a lawyer, initiated this case by filing a complaint. [ECF 1.] He amended the complaint [ECF 4], but I found that it did not state a claim [ECF 10]. I then granted him an opportunity to file another amended complaint, which he did. [ECF 13.] That amended complaint also did not state a claim, and I dismissed this case on April 30, 2025. [ECF 17; ECF 18.] Now, Doughty has filed a motion seeking reconsideration. [ECF 19.]

Because he filed the motion within 28 days of the entry of judgment, I must look to the substance of the motion to determine whether it should be analyzed under Federal Rule of Civil Procedure 59(e) or 60(b). *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (internal citation omitted). But, neither a Rule 59

motion nor a Rule 60 motion is appropriately used to make arguments that should have been made prior to judgment. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012; *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

In his motion, Doughty asserts that he relied upon another inmate to draft his earlier complaints because he did not understand what was required. [ECF 19.] He has included a proposed amended complaint [ECF 19-1] and asserts that he believes it addresses the deficiencies I pointed out previously. Doughty does not point to any manifest error of law or fact, so I must analyze his motion under Federal Rule of Civil Procedure 60. And the only arguable basis for relief under Rule 60 is excusable neglect. Doughty's "arguments that he did not understand . . . and that he mistakenly relied on bad advice from another inmate . . . do not excuse him from managing the litigation that he alone initiated." *Bledsoe v. Lawrence*, No. 1:18-CV-04077-JPH-MPB, 2021 WL 4690604, at *2 (S.D. Ind. Oct. 7, 2021). Here, Doughty wants another bite at the apple. Doughty had an opportunity to present the factual allegations he now wants me to consider. Rule 60 is not designed to provide one more opportunity to cure deficiencies after a case has been dismissed. Here, even if I were to find that Doughty's reliance on advice from another inmate constituted excusable neglect, it would be futile to vacate the judgment because the proposed amended complaint that Doughty presents still does not state a claim.

Doughty's proposed amended complaint alleges essentially the same facts as his earlier complaints. [ECF 1; ECF 4; ECF 13; ECF 19-1.] Doughty is suing L.P.N. Bradley Osborn, R.N. Jordon L. Gregory, N.P. Chantell M. Spohr, N.P. Kelley L. Carroll, R.N.

2

Lindsey M. Flohr, and Quality Correctional Care for providing constitutionally inadequate medical care. He alleges that, while serving a sentence at the Allen County Jail,[1] he was denied a high fiber diet free of foods he is allergic to; namely, oats, beans, and lactose.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

---

[1] In screening Doughty's earlier complaints, I applied the Fourteenth Amendment because it wasn't entirely clear whether he was a pre-trial detainee or whether he had been convicted and was serving a sentence. Because Doughty has clarified this, I will apply the Eighth Amendment.

3

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (citation omitted). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-98 (internal quotations and citations omitted).

Doughty has been incarcerated at the Allen County Jail since January 4, 2025. Upon intake, he notified an officer that he needed a diet free of beans, oats, and lactose, but the officer did not document his needs. Two days later, on January 6, 2025, Doughty informed L.P.N. Bradley Osborn of his allergies. He explained that he suffers from constipation, pain, bloody stools, high blood pressure, anxiety, loss of sleep, infections, and stress if he eats these foods. L.P.N. Osborn allegedly reviewed medical records and noted Doughty's dietary needs, but the specialized diet was denied by R.N. Jordon L. Gregory because N.P. Chantel M. Spohr or N.P. Kelley L. Carroll wanted Doughty to submit to a blood test to confirm his food allergies. Beginning on February 14, 2025, Doughty did receive the specialized diet he asserts he needs, but the specialized diet was discontinued when he refused to submit to a blood test without seeing the jail's policy requiring that he submit to a blood test.

Here, the ultimate decision to deny Doughty his requested diet unless Doughty submitted to a blood test was made by N.P. Spohr or N.P. Carroll. Because neither L.P.N. Osborne nor R.N. Gregory were responsible for this decision, Doughty cannot

4

state a claim against them. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009). Furthermore, it cannot be plausibly inferred that the decision to verify Doughty's claim that he required a diet free of oats, beans, and lactose was deliberately indifferent to Doughty's medical needs.[2] Here, any injury Doughty suffered from his allergies not being accommodated was caused by his refusal to submit to the blood test to confirm his alleged allergies, not the decision of the medical providers that determined the blood test was necessary.

While Doughty's primary concern is his diet, he also asserts that Nurse Gregory denied him blood pressure medication until his third day at the jail, when his blood pressure reached 213/153. A brief delay in initiating medication following intake does not demonstrate deliberate indifference to Doughty's medical needs. Doughty also faults R.N. Gregory for prescribing a medication other than Hydroyzine to treat Doughty's high blood pressure. Prisoners are, however, "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), or to receive "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Doughty's proposed amended complaint does not state a claim against Nurse Gregory for his treatment of Doughty's high blood pressure because it cannot be

---

[2] This is especially so here, where Doughty provided the evidence he relies upon to support his allegations that he has allergies to beans, oats, and lactose, and that evidence falls short. Doughty attached medical records showing that, in February 2015, Dr. Garrean recommended that he consume a high fiber diet indefinitely, but that document does not reference any allergies. [ECF 19-2.] Doughty has also attached a letter from Dr. Wilkins stating that "it has been reported to us that patient has allergies to wool, beans/legumes, oats, and lactose." [*Id*. at 5.]

plausibly inferred that Nurse Gregory was deliberately indifferent to Doughty's needs where he prescribed medication for his condition.

Doughty is also suing R.N. Lindsey M. Flohr.[3] On March 30, 2025, R.N. Flohr called Doughty to her office to discuss why the jail needed his medical records and to have him sign a release of information so the jail could obtain the records. She also reiterated that he needed take a blood test to confirm his food allergies. These allegations do not permit a plausible inference that R.N. Flohr violated Doughty's constitutional rights in any way.

On April 3, 2025, Doughty had pain that he believes to be related to his dietary needs not being met. He was placed on the list for sick call. Later that day, R.N. Flohr had his diet changed to a high fiber diet, which is consistent with the recommendation of Dr. Garrean. The jail's high fiber diet, however, contains lactose, beans, and oats. Doughty alleges that R.N. Flohr had his diet changed to a high fiber diet in retaliation for filing this lawsuit. "To prevail on his First Amendment retaliation claim, [Doughty] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Doughty's proposed amended complaint does not contain factual allegations that would permit a plausible inference

---

[3] Doughty uses both the title R.N. and L.P.N. to refer to Defendant Flohr. Here I use the title R.N., which is the one Doughty uses on the first page of his proposed amended complaint. [DE 19-1 at 1.]

6

that R.N. Flohr was motivated to grant him a high fiber diet, as recommended by Dr. Garrean, because he filed this lawsuit.

  Doughty also lists Quality Correctional Care ("QCC"), the private company that provided health care services to Allen County Jail inmates, as a defendant in his proposed amended complaint. I have already explained that a private company may be held liable for constitutional violations when it performs a State function. *West v. Atkins*, 487 U.S. 42 (1988). A private company providing medical care in a prison performs a State function and can be held liable under the standard established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citation omitted). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* (citation omitted).

  Doughty asserts that QCC has a policy or custom of allowing its employees to avoid responding to medical requests, resulting in the delay or denial of medical care. Doughty, however, alleges no facts that could support such an inference. Because Doughty's allegations against QCC are based only on the alleged poor decisions that its

7

staff made in connection with his care, the proposed amended complaint does not state a claim against QCC.[4]

Doughty has not demonstrated excusable neglect that would warrant reopening this case. Even if he had, it would be futile to do so where his proposed amended complaint – his fourth - does not state a claim against any of the named defendants.

Doughty has also filed a motion seeking a preliminary injunction. [ECF 21.] Because Doughty's case will not be reopened, preliminary injunctive relief is not available to him.

Doughty also filed a motion asking that the exhibits he filed in this case be retained when the case is reopened. [ECF 20.] Exhibits filed with this court remain a part of the court's record. Therefore, this motion is unnecessary.

For these reasons, the court:

(1) DENIES Antonio Doughty's motion to reconsider [ECF 19];

(2) DENIES Antonio Doughty's motion for preliminary injunction [ECF 21]; and

(3) DENIES AS UNNECESSARY Antonio Doughty's motion asking that all exhibits be retained [ECF 20].

SO ORDERED on June 30, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[4] Doughty also alleges that QCC does not follow their own policies. "However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).